# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE GOLDEN, | 1:08cv00808 AWI GSA |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| GOVERNOR ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff, appearing pro se, filed the instant civil rights action on June 10, 2008. He names Arnold Shwarzenegger, his wife, Maria Shriver; Highway Patrol Officer Dan Sanchez, and his wife; Highway Patrol Officer Bruce Williams, and his wife; Probation Officer Michael Higgins, and his wife; District Attorney Elizabeth Egan, and her husband, Richard Egan; Judge Gregory Fain, Fresno Superior Court, and his wife, Mrs. Fain; Horace Bruno, tow truck company owner, his wife, Irene Bruno; EdNic Towing, tow company; Ed Bruno, tow company manager, and his wife, Mrs. Bruno; Robert Pico, tow truck diver; and Nichole Bruno, tow company manager as Defendants ("Defendants").

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

1

if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

> Fed. R. Civ. P. 8(a) provides:
>
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff's allegations arises out of a traffic stop on April 24, 2008.  Complaint at ¶ 19. He alleges he was pulled over in Clovis, California.  Id.  He was ordered to exit the automobile and was asked to produce a registration receipt and a driver's license.  Id. Plaintiff alleges his

automobile was then towed away. Id. Although it is not clearly stated in the complaint, it appears that Plaintiff attended a hearing. He alleges he requested counsel but that Officer Williams, who was assigned to traffic court, denied his counsel of choice. Complaint at ¶ 27 & 29. He also alleges that Officer Williams made him pay for a license with federal reserve notes that are not backed by gold or silver. Complaint at ¶ 22.

Plaintiff's complaint alleges a Due Process violation under the Fifth and Fourteenth Amendments, a violation of the Six Amendment's right to counsel, a violation of the Eighth Amendment based on the infliction of Cruel and Unusual Punishment, a violation of the Thirteenth Amendment based on protections against peonage and involuntary servitude, and violations of the Sherman Antitrust Act. Complaint at ¶ 32, 34, 35-39, and 41. Specifically, Plaintiff alleges that Defendants Sanchez and Higgins conspired with Defendants Williams, Fain, Egan and Schwarzenegger acting outside of their lawful duties, [sic] To bring to bear upon Plaintiff unconstitutional acts under Color [sic], custom, and Usage [sic] of State laws." Complaint at ¶ 42.

Plaintiff further alleges that Maria Shriver, Irene Bruno, Nichole Bruno, Richard Egan, Mrs. Fain, Mrs. Sanchez are Defendants' spouses and are in effect "Socialist-Queens enjoying and living on the largess and unlawful spoils brought home by their wives and husbands as compensation their violations of the oaths of office..." Complaint at pg. 9 ¶ 56. As a result of the alleged violations Plaintiff is seeking $750,000 in general damages and $1,000,000 in punitive damages against each defendant. Complaint at ¶ 63 & 64.

C.   Discussion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F. 3d 978 (th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

     1.     *Officers Higgins, Williams, Sanchez, and Governor Arnold Schwazzenager*

Plaintiff lists these individuals as Defendant but he fails to specify what role each of them played in the alleged deprivations. Other than alleging that Officer Williams was assigned to traffic court and that Officer Williams denied Plaintiff's request for counsel, Plaintiff has not articulated how any of the Defendants' actions resulted in the alleged deprivation.  Further, Plaintiff's allegations against Officer Williams appears to be misplaced since a highway patrol officer has no authority to make determinations regarding counsel at a hearing.  Similarly, Plaintiff alleges that all of these defendants were involved in a conspiracy and that as a result his constitutional rights were violated.  Complaint at ¶ 42.  While Plaintiff makes reference to various constitutional amendments, and the complaint contains pages of case citations, Plaintiff has not articulated how Defendants' actions resulted in any specific constitutional violations.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

2. *Judge Fain and Elizabeth Egan*

Plaintiff has also failed to articulate a claim against Judge Fain and Elizabeth Egan as Plaintiff has not alleged specific acts these individuals committed resulting in a constitutional violation. Additionally, even assuming Plaintiff alleges such acts, Plaintiff is advised that judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). Similarly, the District Attorney is absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976).

3. *Defendants Maria Shriver, Irene Bruno, Nichole Bruno, Richard Egan, Mrs. Fain, and Mrs. Sanchez*

Plaintiff's allegations that Maria Shriver, Irene Bruno, Nichole Bruno[1], Richard Egan, Mrs. Fain, and Mrs. Sanchez are liable under section 1983 for acts committed by their spouses has no legal basis. As stated above, section 1983 requires that a person is acting under color of state law at the time of the alleged violations, and that there must be an actual connection or link

---

[1] It is noted that the compliant references Nicole Bruno as a tow company manager as well as a spouse. Complaint at ¶ 14 & 56. It is not clear from this Complaint what Nicole Bruno's role is in this case.

5

between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). These individuals are not state actors, nor has Plaintiff alleged that these individuals participated in specific acts that resulted in any constitutional violation. Therefore, Plaintiff does not state a claim against these defendants.

4. *Defendants Horace Bruno, EdNic Towing, Ed Bruno, Nichole Bruno, and Robert Pico*

Similarly, Plaintiff names Defendants Horace Bruno, Ed Bruno, Nichole Bruno, and Robert Pico as Defendants. However, there is no allegation that these individuals were acting under color of state law, nor has Plaintiff alleged what acts these individuals participated in that resulted in a constitutional violation. Plaintiff is advised that "state action may be found if, through only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). Plaintiff has failed to articulate a cognizable claim against these defendants in the complaint as alleged. Additionally, section 1983 can only confer liability upon a person, not a company. Accordingly, EdNic Towing Company is not a properly named Defendant.

5. *California Law Allegations*

Plaintiff's complaint makes references to violations of the California Constitution and California law, which are beyond the scope of a 1983 claim. Therefore, these claims are not cognizable.

6. *Right to Due Process*

It appears from the complaint that plaintiff may not have been in possession of a valid license or registration at the time the car was seized. Plaintiff is advised that California law requires that a person may not drive a motor vehicle on a highway unless the person holds a valid driver's license. California Vehicle Code ("Cal. Veh. Code") § 12500(a). A peace officer may remove a car when the vehicle's registration is not displayed in the vehicle, when the registration has expired for more than six months, or when the peace officer issues a notice to appear for a

1  violation of section 12500.  Cal. Veh. Code §§ 22651(o)(1)(A) &(B) and 22651(p).  The vehicle
2  shall be released to the owner or person in control of the vehicle after proof of current
3  registration or valid driver's license is presented.  Cal. Veh. Code §§ 22651(o)(3), 22651(p) and
4  22850.3.  Due process does not require that a pre-towing notice be given to an owner for lack of
5  registration pursuant to Cal. Veh. Code § 22651(o).  Scofield v. City of Hillsborough, 862 F. 2d
6  759, 764 (9th Cir. 1988).  However, California law provides for post-towing hearings if the
7  owner of the vehicle requests such hearing within 10 days. Cal. Veh. Code § 22852(c).  The post-
8  towing hearing shall be conducted within 48 hours of the request. Cal. Veh. Code § 22852 (d).
9  Failure of the registered or legal owner, or his or her agent to request or to attend a scheduled
10  hearing satisfies the post-towing hearing requirement.  Cal. Veh. Code § 22852(d). If a post-
11  towing hearing is requested, but was not timely given, a due process violation may exist.
12  Scofield v. City of Hillsborough, 862 F. 2d at 764.  Plaintiff is advised that the Sixth Amendment
13  right to counsel would not apply to this proceeding since it is not criminal in nature. U.S.C.A.
14  Const. Amend. 6.
15  D.   Conclusion
16       In sum, Plaintiff's complaint does not provide the court with enough information
17  regarding the circumstances of the seizure of his vehicle.  It is unclear who pulled Plaintiff over,
18  whether Plaintiff was in possession of a valid driver's license and registration at the time of the
19  stop, whether Plaintiff was cited at the time of the seizure, and whether Plaintiff requested or
20  attended any post-towing hearings. Given the lack of specificity of Plaintiff's claims regarding
21  the seizure of his vehicle, the court will allow Plaintiff to file an amended complaint.
22       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
23  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
25  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
26  is some affirmative link or connection between a defendant's actions and the claimed
27  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
28  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
2 complete in itself without reference to any prior pleading.  As a  general rule, an amended
3 complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
4 Once plaintiff files an amended complaint, the original pleading no longer serves any function in
5 the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
6 involvement of each defendant must be sufficiently alleged.
7 Accordingly, it is HEREBY ORDERED that:
8    1.   Plaintiff's complaint is dismissed, with leave to amend;
9    2.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file
10       an amended complaint setting forth clearly each of his claims and the factual
11       allegations in support of each claim; and
12   3.   The failure to file an amended complaint that complies with this order may result
13       in a recommendation that this action be dismissed.

17   IT IS SO ORDERED.
18   **Dated:   August 5, 2008**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE